FILED by _____ D.C.
ELECTRONIC
Dec. 9, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
Fort Lauderdale Division

ROSEMENE DOREY

      Plaintiff,

v.

LTP MANAGEMENT COMPANY,
a Florida Corporation d/b/a
UGLY TUNA SALOONA
and LAGS OF BRICKELL, INC.,
a Florida Corporation

      Defendants.
_____/

**08-CV-61961-Cohn-Seltzer**

CASE NO.:

## COMPLAINT

**COMES NOW**, Plaintiff, **ROSEMENE DOREY**, by and through her undersigned counsel, and sues the Defendants, **LTP MANAGEMENT COMPANY**, a Florida Corporation d/b/a **UGLY TUNA SALOONA** and **LAGS OF BRICKELL, INC.**, a Florida Corporation and alleges:

### JURISDICTION

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 **et seq.** and the Florida Civil Rights Act of 1992. This Court has jurisdiction under 28 U.S.C. §1343(3) and 42 U.S.C. §2000e-5(f). In addition, Plaintiff invokes the court's supplemental jurisdiction, pursuant to 29 U.S.C. §1367, for her state law claims against Defendant. The state law claims arise out of the same set of operative facts as did the aforesaid claims brought under the laws of the United States.

### The Parties

2. Plaintiff, **ROSEMENE DOREY**, a female of Haitian descent, is a citizen of

the United States, at all times material to this action resides and resided in the County of Broward, State of Florida.

3. Defendants, **LTP MANAGEMENT COMPANY**, a Florida Corporation d/b/a **UGLY TUNA SALOONA** and **LAGS OF BRICKELL, INC.** are Florida corporations qualified to do business in the State of Florida and at all times material to this action were engaged in business in the County of Broward, State of Florida. At all times material to this action, Defendants collectively operated a local restaurant at the Las Olas Riverfront, open to and doing business with the public.

4. At all times material to this action, Defendants were engaged in an industry affecting commerce.

5. Upon information and belief, at all times material to this action, Defendants collectively employed fifty (50) or more employees within seventy-five (75) miles of the Ugly Tuna Saloona in Fort Lauderdale and have been private employers within the meaning of Title VII.

6. Plaintiff brings this action on the basis that Plaintiff was denied equal employment opportunities by the Defendants, including but not limited to, disparate treatment involving Plaintiff's compensation, terms, conditions, and privileges of employment solely because of Plaintiff's sex, female and a condition related to her sex, pregnancy, in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. §200(e) **et seq**.

## Administrative Prerequisites

7. On or about March 28, 2007, Plaintiff filed a Charge of Discrimination ("charge") with the Equal Employment Opportunity Commission ("EEOC"), charging Defendants with wrongful discharge based on her sex, female and a condition related to her sex, pregnancy, in violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act of 1992.

8. The charge was filed in a timely manner.

9. On or about July 23, 2008, the EEOC issued its Letter of Determination

finding that the there was reasonable cause to believe that Defendants had violated Title VII in its treatment of Plaintiff. A true and correct copy of the Letter of Determination is attached hereto as **_Exhibit "A."_** On or about September 13, 2008, Plaintiff received a Notice of Right to Sue from the EEOC. A true and correct copy of this Notice is attached hereto as **_Exhibit "B."_**

10.  Plaintiff has filed this action within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

11.  Plaintiff has exhausted all administrative remedies and satisfied all conditions precedent under Title VII and the Florida Civil Rights Act of 1992, to filing this action.

## General Allegations

12.  Plaintiff was hired by Defendants in June, 2000.

13.  At all material times relevant to this action, Plaintiff was an employee of Defendant, in the position of kitchen staff at the time of her termination.

14.  At all material times relevant to this action, Plaintiff's job performance was satisfactory.

15.  In June, 2006, Plaintiff advised Defendants of her pregnancy. In November, 2006, Plaintiff advised Defendants that Plaintiff's physician prescribed two days of bed rest per week for Plaintiff as a result of her pregnancy. At that time, Defendants' managerial employee advised Plaintiff that she could no longer work and to return to work three (3) months after delivery of her child.

16.  On or about March 12, 2007, Plaintiff attempted to return to work; however, Defendants wrongfully terminated Plaintiff's employment and would not let her return to work.

## COUNT I
## Wrongful Discharge in Violation of Title VII

Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 16 above as though fully set forth herein and further states as follows:

Hartley & Eagle, LLP
110 SE Sixth Street, Suite 120, Fort Lauderdale, Florida  33301

17. Plaintiff was involuntarily discharged by Defendants on or about March 12, 2007.

18. During the course of Plaintiff's employment, because of Plaintiff's sex, female, Defendants denied Plaintiff equal employment opportunities, which affected Plaintiff's compensation, terms, conditions, and privileges of employment.

19. During the course of Plaintiff's employment, Defendants subjected Plaintiff to Defendants' unfair policies and practices in that Plaintiff was treated in a manner unequal to and unlike male employees similarly situated within Defendants' employ and in a manner unlike male employees subsequently hired under Defendants' employ in that she was terminated due to her pregnancy.

20. The reasons stated for Plaintiff's termination were merely pretextual and not the actual basis or reason for her termination by Defendants.

21. As a result of Plaintiff's sex, female and a condition of her sex, pregnancy, she was subjected to disparate compensation, terms, conditions, or privileges or employment than those afforded to similarly situated male employees and unlike male employees subsequently hired by Defendants.

22. As a result of Defendant's actions, Plaintiff has been required to retain undersigned counsel.

23. As a direct and proximate result of Defendants' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation in the business community, and other non-pecuniary losses.

24. The acts of the Defendants were practiced with malice or reckless indifference to Plaintiff's federally protected rights. In order to punish Defendants, and deter others, punitive damages should be assessed against Defendants.

**WHEREFORE**, Plaintiff, **ROSEMENE DOREY** prays this Court for the following relief:

A. That compensatory and punitive damages be awarded to Plaintiff against

the Defendant.

B.	That equitable relief be granted, including, but not limited to, reinstatement and remedial employment measures for Plaintiff.

C.	That Plaintiff be awarded back-pay, plus pre-judgment interest.

D.	That Plaintiff be awarded front-pay.

E.	That Defendants be held liable for Plaintiff's reasonable attorneys' fees and costs.

F.	Such other and further relief as may be just, appropriate and equitable.

## COUNT II

### Disparate Treatment/Wrongful Discharge and Violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq.

Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 16 above as though fully set forth herein and further states as follows:

25.	Defendants wrongfully discriminated and terminated Plaintiff on the basis of Plaintiff's sex, female in violation of Fla. Stat. §760.10(1)(a).

26.	Plaintiff was involuntarily discharged by Defendants on or about March 12, 2007.

27.	During the course of Plaintiff's employment, Defendants denied Plaintiff equal employment opportunity, which affected Plaintiff's compensation, terms, conditions, and privileges of employment because of Plaintiff's sex, female and as a direct result of her pregnancy.

28.	During the course of Plaintiff's employment, Defendants subjected Plaintiff to Defendant's unfair policies and practices and that Plaintiff was treated unequal and unlike male employees similarly situated within Defendants' employ and unlike male employees subsequently hired under Defendants' employ in that she was terminated due to her pregnancy.

29.	The reasons stated for Plaintiff's termination were merely pretextual and not

Hartley & Eagle, LLP
110 SE Sixth Street, Suite 120, Fort Lauderdale, Florida 33301

5

the actual basis or reason for her termination by Defendants.

30. As a result of Plaintiff's national origin, she was subjected to disparate compensation, terms, conditions, or privileges or employment than those afforded to similarly situated male employees and unlike male employees subsequently hired by Defendants.

31. As a result of Defendants' actions, Plaintiff has been required to retain undersigned counsel.

32. As a direct and proximate result of Defendants' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. The acts of the Defendants were practiced with malice or reckless indifference to the federally protected rights of the Plaintiff. In order to punish Defendants and deter others, punitive damages should be assessed against Defendants.

**WHEREFORE**, Plaintiff, **ROSEMENE DOREY** prays this Court for the following relief:

A. That compensatory and punitive damages be awarded to Plaintiff against the Defendants.

B. That equitable relief be granted, including, but not limited to, reinstatement and remedial employment measures for Plaintiff.

C. That Plaintiff be awarded back-pay, plus pre-judgment interest.

D. That Plaintiff be awarded front-pay.

E. That Defendants be held liable for Plaintiff's reasonable attorneys' fees and costs.

F. Such other and further relief as may be just, appropriate and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **ROSEMENE DOREY**, files this demand for jury trial on all issues so triable as a matter of right.

**DATED** this _____9th_____ day of **December, 2008**.

**Hartley & Eagle, LLP**
Attorneys for Plaintiff
110 Southeast Sixth Street, Suite 120
Fort Lauderdale, Florida 33301
Telephone: (954) 267-0500
Facsimile: (954) 525-7363

By: _____
TIMOTHY M. HARTLEY
FL BAR NO. 979066

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
Miami Status Line: (866) 408-8075
Miami Direct Dial: (305) 808-1740
TTY (305) 808-1742
FAX (305) 808-1855

EEOC Charge No.: **510-2007-02893**

Rosemene Dorey                                    Charging Party
600 N.W. 41st Street
Oakland Park, FL 33304

David Lageschulte, DCEO                           Respondent
LTP Management Group
4411 Cleveland Avenue
Ft. Myers, Florida 33901

d/b/a Ugly Tuna Saloona
Las Olas Riverfront
300 S.W. 1st Avenue
Fort Lauderdale, FL   33301

## Letter of Determination

On behalf of the Commission, I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and timeliness, deferral and all other requirements for coverage have been met.

Charging Party alleged upon learning of her pregnancy, Respondent started to reduce her working hours. Charging Party stated after she submitted a doctor's note to Respondent asking for two days of bedrest, she was terminated, in violation of Title VII.

Examination of the evidence indicates Charging Party was discriminated against because of her sex, female, and a condition related to her sex, pregnancy.

I have determined that the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of the statute has occurred.

**EXHIBIT "A"**

LETTER OF DETERMINATION
EEOC Charge No.: **510-2007-02893**
PAGE 2

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.

The confidentiality provisions of Sections 706 and 709 of Title VII and the Commission Regulations apply to information obtained during conciliation.

Please complete the enclosed Invitation to Conciliate and return it to the Commission at the above address within fifteen (15) days from receipt of this Letter of Determination. **You may fax your response directly to (305) 808-1855 to the attention of Jackie Gabriel, Investigator.** Failure to respond within fifteen (15) days will indicate that you are not interested in conciliating this matter and the Commission will determine that efforts to conciliate this charge as required by Title VII of the Civil Rights Act of 1964, as amended, have been unsuccessful.

You are reminded that federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

**JUL 23 2008**

Date

On Behalf of the Commission

Manuel Zurita
Acting District Director

Enclosure:  Invitation to Conciliate
            Information Sheet for Filing
            Suit in Federal District Court

Cc:  Respondent Representative

     Richard Simeone, Esq.
     4411 Cleveland Avenue
     Ft. Myers, Florida 33901

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To: **Rosemene Dorey**
600 N.W. 41st Street
Fort Lauderdale, FL 33309

From: **Miami District Office**
2 South Biscayne Blvd
Suite 2700
Miami, FL 33131

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2007-02893 | **Jacqueline Gabriel, Investigator** | (305) 808-1804 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Manuel Zurita, Acting Director

SEP 1 1 2008

(Date Mailed)

cc: Respondent Representative
Richard Simeone, Esq.
4411 Cleveland Avenue
Ft. Myers, Florida 33901

EXHIBIT "B"

◥JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
ROSEMENE DOREY

**DEFENDANTS**
LTP MANAGEMENT COMPANY d/b/a UGLY TUNA SALOONA, LAGS OF BRICKELL, INC.

**(b)** County of Residence of First Listed Plaintiff __BROWARD__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
HARTLEY & EAGLE, LLP
110 SE SIXTH STREET, SUITE 120
FORT LAUDERDALE, FLORIDA 33301 954-267-0500

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:08 CV 61961-John-Seltzer

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 320 Assault, Libel & Slander | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 330 Federal Employers' Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 340 Marine | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL PROPERTY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 370 Other Fraud | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 371 Truth in Lending | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 380 Other Personal Property Damage | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 385 Property Damage Product Liability |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 350 Motor Vehicle |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 355 Motor Vehicle Product Liability |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 360 Other Personal Injury |  |  | ☐ 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| | ☑ 442 Employment | **Habeas Corpus:** | | |
| | ☐ 443 Housing/Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed— (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO      b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
42 USC SECTION 2000 et seq., violation of Title VII

LENGTH OF TRIAL via __4__ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _[signature]_

DATE  December 9, 2008

FOR OFFICE USE ONLY
AMOUNT  350      RECEIPT # 544862      IFP